# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3906

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Alejandro C. Mendoza, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: December 20, 2006
Filed: January 5, 2007

_____

Before SMITH, MAGILL, and BENTON, Circuit Judges.

_____

PER CURIAM.

Alejandro Mendoza appeals the 144-month prison sentence the district court[1] imposed after he pleaded guilty to aiding and abetting the possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Mendoza contends the district court clearly erred in denying him safety-valve relief based on its finding that he did not truthfully provide to the government all the information he had "concerning the offense or offenses that were

_____

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

part of the same course of conduct or of a common scheme or plan." *See* U.S.S.G. § 5C1.2(a)(5).

We disagree. While the denial of safety-valve relief must rest on more than the government's mere opinion that a defendant has been untruthful, *see United States v. Kang,* 143 F.3d 379, 382-83 (8th Cir. 1998), it was Mendoza's burden to show affirmatively that the information he gave the government was truthful and complete, *see United States v. Alvarado-Rivera*, 412 F.3d 942, 947 (8th Cir. 2005) (en banc), *cert. denied*, 126 S. Ct. 1096 (2006).

The information Mendoza provided indicated that he had acted essentially as a courier in the drug deal underlying the offense of conviction and that he had not met with the buyer before. The buyer, however, testified at sentencing that Mendoza had arranged the drug deal and had sold drugs to her on several previous occasions. Mendoza offered no evidence to rebut this witness's testimony, which the district court found credible. *See United States v. Castaneda*, 221 F.3d 1058, 1059 (8th Cir. 2000) (per curiam) (district court did not clearly err in determining defendant was not fully truthful and in thus denying safety-valve relief, because defendant did not introduce any evidence to support his position); *cf. United States v. Quintana*, 340 F.3d 700, 703 (8th Cir. 2003) (where district court directly observed defendant and other witnesses testify, finding no clear error in court's assessment of their truthfulness).

Accordingly, we affirm.

_____